OPINION of the court
David B. Saxe, J.
An attorney who is also a member of the New York State Legislature is not entitled to an adjournment of a matter set for trial, pursuant to the provisions of section 469 of the Judiciary Law, merely because the State Legislature is in session at the time the request is made.
The defendants formally appeared in this small claims matter through their attorneys, “Bernstein & Arfa, by Jonathan Arfa, Esq.” When the case was called, Abraham Bernstein, Esq., appeared on behalf of the firm of Bernstein & Arfa. Mr. Bernstein, in addition to being an attorney, is a New York. State Senator, who ably represents his Bronx district. Mr. Bernstein requested an adjournment of the case pursuant to the little-known authority of section 469 of the Judiciary Law which states: “Continuance where attorney is member of Legislature. When a party to a civil action or proceeding shows by his or his attorney’s affidavit that his attorney is a member of the legislature of the state of New York, that the legislature is in regular or special session or that not more than ten days have elapsed since the adjournment sine die of such session, that such attorney is the only one employed by the party who is *566 prepared to try the cause, and that due to the performance of his legislative duties he is then unable to try the cause, the court shall grant a stay of the trial without prejudice to its place on the calendar, provided that no such stay shall extend to more than ten days after the adjournment sine die of the session of the legislature.”
I denied the application for a variety of reasons. First, Senator Bernstein claimed that he was the only attorney who was prepared to try the case. Yet, the defendants appeared initially here by the firm of Bernstein & Arfa, Esqs. There was no demonstration that Mr. Arfa, a partner of the firm, or some other associated attorney was not prepared to try the case. It was therefore not adequately demonstrated that Mr. Bernstein was the only one prepared to represent his client.
Second, the case was twice previously marked “Final”.
Third, I have determined, on the basis of testimony that I heard that the underlying purpose of the application was not the pressing business of the Legislature but was to enable the defendant to make a motion to consolidate this small claims action with a related action currently pending in the day session of the Civil Court, in which this defendant is plaintiff.
Finally, this section mandates an adjournment where a party to a civil proceeding demonstrates by affidavit that his attorney, a State legislator, is unable to try the case in question because of legislative duties. Here, there was simply no showing that although the Legislature was in session, that Senator Bernstein’s legislative duties prevented him from trying the case. (Alexander v Wolfson, 137 Misc 380 [App Term, 1st Dept], affd 231 App Div 724.) The fact that the Legislature is in session is simply not enough under the statute. (Alexander v Wolfson, supra.)
After I denied the application, Mr. Bernstein left with his client and the matter then proceeded to inquest. Judgment for claimant for $580.75.